UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAMONA PENIKILA,

        Plaintiff,

    v.

SERGEANT'S PET CARE PRODUCTS, LLC,

        Defendant.

Case No. 19-cv-05508-VC

**ORDER DENYING MOTION TO DISMISS**

Re: Dkt. No. 31

The defendant's motion to dismiss is denied. If the defendant chooses to file a motion to strike the nationwide class allegations, the motion is due no later than 14 days from this ruling. A hearing on the motion will take place at 10:00 a.m. on Thursday, April 23, 2020, and discovery as to the out-of-state members of the proposed class is stayed until then.

## A. Standing

Penikila has standing to bring her claims. She alleges that the defendant's flea medicine irritated her dog's skin and caused serious fur loss. *See* First Amended Complaint ¶ 16. That is plainly a redressable injury traceable to the defendant's conduct. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Adjudication of the class claims may present complex choice-of-law questions, but those questions are beyond the scope of the standing inquiry. *See B.K. by next friend Tinsley v. Snyder*, 922 F.3d 957, 967 (9th Cir. 2019) ("[O]nce the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded . . . .") (quoting Newberg on Class Actions § 2:6 (5th ed. 2011)).

## B. Personal Jurisdiction

The motion to dismiss the claims by the out-of-state members of the proposed class for

lack of personal jurisdiction on the basis of *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.

Ct. 1773 (2017), is denied. Before certification, the unnamed class members (and their claims)

are not before the Court in any real sense. *See Smith v. Bayer Corp.*, 564 U.S. 299, 313

(2011) (rejecting an argument that "an unnamed member of a proposed but uncertified class" is a

party to the action); *see also Devlin v. Scardelletti*, 536 U.S. 1, 16 n.1 (2002) (Scalia, J.,

dissenting) ("Not even petitioner, however, is willing to advance the novel and surely erroneous

argument that a nonnamed class member is a party to the class-action litigation *before the class*

*is certified*."). A court cannot "dismiss" a "claim" of someone who is not actually a party and

therefore has not actually asserted a claim. *See Rain v. Connecticut Gen. Corp.*, No. CV 17-

30115-MGM, 2019 WL 7604856, at *4 (D. Mass. Aug. 6, 2019); *Chernus v. Logitech, Inc.*, No.

CV 17-673(FLW), 2018 WL 1981481, at *8 (D.N.J. Apr. 27, 2018). *But see Fitzhenry-Russell v.*

*Dr. Pepper Snapple Group, Inc.*, No. 17-CV-00564 NC, 2017 WL 4224723, at *4-6 (N.D. Cal.

Sept. 22, 2017).

　　If a defendant wishes to argue at the pleading stage that a nationwide class could never be

certified because there would be no personal jurisdiction over claims of proposed class members

from out of state, the proper procedural move is to file a motion to strike the nationwide class

allegations. *See* Fed. R. Civ. P. 23(d)(1) ("In conducting an action under this rule, the court may

issue orders that . . . require that the pleadings be amended to eliminate allegations about

representation of absent persons and that the action proceed accordingly."). Perhaps, in normal

circumstances, it would be appropriate to simply construe the defendant's motion to dismiss as a

motion to strike the class allegations. Then the question for the Court would be whether a

nationwide class is obviously uncertifiable because there would be no personal jurisdiction over

claims from out-of-state class members.[1] But the defendants, in their motion, understandably

spent only one sentence on the personal jurisdiction issue, acknowledging that this Court

concluded in a prior case that *Bristol-Myers Squibb* does not extend to absent class members. *See*

---

[1] Such a class would be uncertifiable even if the claims of some proposed out-of-state class members could conceivably, for idiosyncratic reasons, satisfy the personal jurisdiction test.

*Patterson v. RW Direct, Inc.*, No. 18-CV-00055-VC, 2018 WL 6106379, at *1 (N.D. Cal. Nov.

21, 2018). Now the Court is questioning that conclusion, and would like full briefing on it.

Accordingly, the motion to dismiss based on *Bristol-Myers Squibb* is denied, and defendant may

file a separate motion to strike the nationwide class allegations.[2]

Incidentally, in a recent case management conference, counsel for the defendant asserted

that the Court lacks specific jurisdiction to adjudicate Penikila's own claims, even though

Penikila bought the flea medicine from a California Petco and used it on her dog in California.

That is clearly wrong. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th

Cir. 2004) (noting that a defendant who intentionally distributes out-of-state goods in the forum

state has purposefully directed its conduct to that state). Accordingly, the defendants may not file

a renewed motion to dismiss on that basis.

### C. Failure to State a Claim

1. Although activities affirmatively permitted by the legislature are not actionable under

California's unfair competition laws, the defendant's advertising statement that the flea medicine

is "safe for use around children and pets" does not fall within that safe harbor. The federal

regulations governing the essential oils in the flea medicine do not allow manufacturers to make

false assertions about the product's safety.

The essential oils in the flea medicine fall within a set of "minimum risk pesticides"

governed by less restrictive regulations than those that apply to most pesticides. *See* 40

C.F.R. § 152.25 (describing cinnamon, clove, lemongrass, peppermint, and thyme oils as

"minimum risk pesticides" exempt from the general pesticide requirements, "provided that all of

the criteria of this section are met"). So the federal prohibition on "claims as to the safety of the

pesticide," for instance, does not apply to a flea medicine whose only active ingredients are

---

[2] If the parties address whether a federal court can exercise personal jurisdiction over the claims of absent class members only to the extent a state court could, they should pay particular attention to the role of Federal Rule of Civil Procedure 4(k)(1)(A) in the analysis. *See* Daniel Wilf-Townsend, *Did Bristol-Myers Squibb Kill the Nationwide Class Action?*, 129 Yale L.J. Forum 205, 220-24 (2019).

essential oils. *See* § 156.10(a)(5)(ix). But while the regulations do not categorically ban claims about safety for minimum-risk pesticides, they do prohibit "any false and misleading labeling statements." § 152.25. A statement that the medicine is "safe for use around children and pets" is therefore authorized only to the extent that it is true and not misleading. Penikila alleges that the product poisons pets. If her allegation is true, the statement would be misleading—if not downright false—and thus unlawful.

2. Penkila has appropriately pleaded that she justifiably relied on the statement that the flea medicine was "safe for use around . . . pets." She says that the statement caused her to believe that the medicine was safe to use on her dog, and she also says that she would not have bought and used the medicine had she known it was unsafe. *See* First Amended Complaint ¶¶ 16-17. The defendant doubts the truth of these claims—it says that Penikila's swiftly filed complaint is proof that she bought and used the product with a lawsuit in mind. But these suspicions are not adequate to undermine her allegations of reliance.

3. The motion to dismiss Penikila's claim for unjust enrichment is denied. *See Bruton v. Gerber Products Co.*, 703 F. App'x 468, 470 (9th Cir. 2017) (noting that the California Supreme Court has allowed independent claims for unjust enrichment to proceed); *see also Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 762 (9th Cir. 2015).

4. The motion to dismiss Penikila's claim for breach of express warranty is denied. First, a purchaser who relies on a label's misrepresentations may sue the manufacturer for breach of express warranty without regard to privity. *Burr v. Sherwin Williams Co.*, 42 Cal.2d 682, 696 (Cal. 1954) ("Another possible exception to the general rule is found in a few cases where the purchaser of a product relied on representations made by the manufacturer in labels or advertising material, and recovery from the manufacturer was allowed on the theory of express warranty without a showing of privity."). Second, the claim that the product is "safe for use around . . . pets" in the context of flea medicine is specific enough to constitute an express warranty. In some circumstances, a statement that a product is safe might be too vague or subjective to be actionable. But here, the statement operates as an assurance that a product fatal

4

5

to fleas will leave the hosts unharmed. *See* First Amended Complaint ¶ 2 (showing packaging with "**Kills** Fleas and Ticks on Contact" immediately above "Safe for Use Around Children and Pets") (emphasis in original).

4. The motion to dismiss the claim for a breach of implied warranty is denied without prejudice to raising it again at the summary judgment stage. If the issue is briefed again, the parties are directed to consider the applicability of the pesticide exception (in addition to the potential exception for third-party beneficiaries) to the facts of this case. *See Arnold v. Dow Chemical Company*, 91 Cal.App.4th 698, 721 (Cal. Ct. App. 2001) (allowing implied warranty claims to proceed against a pesticide manufacturer in the absence of privity).

**IT IS SO ORDERED.**

Dated: March 3, 2020

VINCE CHHABRIA
United States District Judge