Daniel Sakaguchi (Bar No. 222722)
VARELA LEE METZ & GUARINO, LLP
333 Bush Street, Suite 1500
San Francisco, California 94104
Telephone: (415) 623-7000
Facsimile: (415) 623-7001
Email: dsakaguchi@vlmglaw.com

ARMSTRONG TEASDALE, LLP
  Charles W. Steese (admitted *pro hac vice*)
  csteese@armstrongteasdale.com
  IJay Palansky (State Bar No. 187917)
  ipalansky@armstrongteasdale.com
  Alec P. Harris (admitted *pro hac vice*)
  aharris@armstrongteasdale.com
4643 S. Ulster St.
Denver, CO 80237
Telephone: (720) 200-0676
Facsimile: (720) 200-0679

Attorneys for SERGEANT'S PET CARE PRODUCTS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMONA PENIKILA, on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>SERGEANT'S PET CARE PRODUCTS, LLC d/b/a SENTRY<br><br>            Defendant. | Case No.: 3:19-cv-05508-VC<br><br>**DEFENDANT SERGEANT'S PET CARE PRODUCTS, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO PROSECUTE**<br><br>Hearing Date: August 13, 2020<br><br>Hearing Time: 10 a.m.<br><br>Dept.: Courtroom 4, 17th Floor<br>Action Filed: August 30, 2019<br>Judge: Hon. Vince Chhabria<br>Trial Date: None |

1  **NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

2  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3  PLEASE TAKE NOTICE that on August 13, 2020, at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 4, 17th Floor of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Sergeant's Pet Care Products, LLC ("Sergeant's"), will and does move this Court to dismiss this case for failure to prosecute.

Sergeant's brings this Motion pursuant to Fed. R. Civ. P. 41(b), on the grounds that the Plaintiff has taken no action to prosecute this case since April 2020; Plaintiff's counsel has filed a Motion to Withdraw in light of Plaintiff's unresponsiveness [ECF #62]; and Plaintiff's inaction and unresponsiveness have interfered with expeditious resolution, the Court's docket, and Sergeant's ability to defend the claims against it. This Motion is based on the following Memorandum of Points and Authorities, on all pleadings and papers on file or to be filed in the above-entitled action, on the arguments of counsel, and on any other matters that may properly come before the Court for its consideration.

Dated: July 8, 2020        VARELA LEE METZ & GUARINO, LLP

By: /s/ Daniel Sakaguchi
         Daniel Sakaguchi

Attorney for Defendant Sergeant's Pet Care Products, LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

In recent months, Plaintiff has failed to prosecute her case and has become unresponsive even to her own counsel, who has moved to withdraw. Plaintiff's failure to prosecute and unresponsiveness has impaired Sergeant's ability to properly conduct discovery and defend the claims against it. In addition, Sergeant's now faces a series of major deadlines in the coming months that it will not be able to meet, including alternative dispute resolution, fact discovery, and expert disclosures. To remedy this situation, the Court should dismiss this case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Such a dismissal meets all five applicable factors. Dismissal for failure to prosecute (1) will expeditiously resolve the dispute, (2) promotes the Court's control over its docket, (3) avoids prejudice to Sergeant's, (4) provides a disposition on the merits (as defined by Rule 41(b)), and (5) represents the most appropriate sanction for Plaintiff's neglect of her lawsuit.

## II.   BACKGROUND

On August 30, 2019, Plaintiff filed this lawsuit through her counsel, Bursor & Fisher PC ("Bursor") [ECF #1].

On February 2, 2020, the Court ordered discovery in this case to proceed as to the proposed California Subclass only [ECF #39], pending resolution of Defendant's Motion to Strike Plaintiff's nationwide class allegations for lack of personal jurisdiction [ECF #45].

After discovery opened, Sergeant's propounded several rounds of written discovery. When Plaintiff failed to respond adequately, Sergeant's initiated two discovery dispute proceedings before the Court [ECF #52, 56]. On May 27, 2020, the Court ordered Plaintiff to supplement her deficient discovery responses outlined in the first and second discovery disputes [ECF #60, 61]. Plaintiff has not yet done so. Ex. A, Harris Decl., ¶ 7.

Throughout May and June 2020, Sergeant's repeatedly requested dates to conduct Plaintiff's deposition and to complete court-mandated alternative dispute resolution. *Id.* ¶ 6. Plaintiff has failed to provide dates for either event. *Id.*

To date, Sergeant's has propounded 41 requests for production. *Id.* ¶ 5. In response, Plaintiff has produced a total of 23 pages. *Id.* These documents were produced in a single production on April 17, 2020. *Id.*

On June 17, Bursor filed a Motion to Withdraw [ECF #62]. In the Motion and supporting declaration, Bursor stated that Plaintiff has failed to respond to Bursor's communication since late April 2020 [ECF #61-1]. According to Bursor, Plaintiff failed to respond to emails sent by Bursor on April 30, May 4, 7, 8, 12, 15, and 28 and on June 2, 3, and 8; letters sent via FedEx on May 19 and June 9; a text message sent on May 26, and phone calls on May 12, May 27, June 2 and June 3. [*Id.* at 2]. According to Bursor, "Ms. Penikila's failure to communicate with my office has made it impossible for my firm to continue to represent her in this matter." [*Id.* at 2].

## III.    ARGUMENT

### A. The Court Should Dismiss This Case for Failure to Prosecute.

The Court should dismiss this case for failure to prosecute. Pursuant to Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute, … a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Unless the dismissal order states otherwise, a dismissal under this subdivision … operates as an adjudication on the merits." *Id.* When deciding whether to dismiss a claim for failure to prosecute, a court should consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385 (9th Cir. 1988) (citing *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)).

Dismissal for failure to prosecute is especially appropriate when a plaintiff becomes unresponsive and her counsel is forced to withdraw. *See Moore v. Addus HealthCare, Inc.*, No. 19-cv-01519, 2020 WL 127667 at *1 (N.D. Cal. Jan. 10, 2020); *Mie Yang v. Francesca's Collections, Inc.*, No. 17-cv-04950-HSG, 2018 WL 2134022 (N.D. Cal. May 9, 2018); *Singh v. Holder*, No. 08-70514, 2012 WL 523741, at *1 (9th Cir. Feb. 17, 2012). For example, in *Moore v. Addus HealthCare, Inc.*, the plaintiff filed a putative class action and then became


unresponsive during discovery. *Moore*, 2020 WL 127667 at *1. Plaintiff's counsel repeatedly attempted to contact the plaintiff to finalize discovery responses and confirm her availability for deposition. *Id.* Plaintiff remained unresponsive, forcing her counsel to move to withdraw, and defendant moved to dismiss for failure to prosecute. *Id.* Analyzing the applicable five factors, the Court dismissed the case for failure to prosecute, reasoning that the plaintiff's unresponsiveness impaired expeditious resolution of the case and the defendant's ability to conduct discovery and defend the claims against it. *Id.* at *3–4. As in *Moore,* here, Plaintiff's unresponsiveness in discovery and failure to prosecute warrants dismissal of her case under the five-factor framework enumerated by the Ninth Circuit.

### 1. Expeditious Resolution Favors Dismissal.

First, expeditious resolution militates in favor of dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). "Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006).

Here, expeditious resolution favors dismissal. As detailed in her counsel's Motion to Withdraw, Plaintiff has been unresponsive since the end of April. [ECF #62-1 at 2]. This has delayed Sergeant's ability to conduct discovery and endangered Sergeant's ability to comply with the case schedule—including mandatory alternative dispute resolution (July 27, 2020); close of fact discovery (Aug. 26, 2020), expert disclosures (Sept. 9, 2020), and close of expert discovery (Oct. 30, 2020) [ECF #39, 59]. *See* Ex. A, Harris Decl. ¶¶ 5–7 (documenting Plaintiff's failure to respond to written discovery, comply with Court's order, and provide dates for mediation and her deposition). "If Plaintiff truly wanted the justice to which it claims it is entitled, Plaintiff should have had every incentive to move this case along. Plaintiff has not done so." *J & J Sports Prods., Inc. v. Mojica*, No. 11-CV-05440-LHK, 2014 WL 4794179, at *2 (N.D. Cal. Sept. 25, 2014). So the case should be dismissed for failure to prosecute. *See Moore*, 2020 WL 127667 at *3 (applying expeditious resolution factor and concluding that "Plaintiff's lack of

responsiveness contravenes the public's interest in expeditious resolution of litigation." (quotation omitted)).

### 2. Docket Control Favors Dismissal.

Second, the Court's power to control its docket favors dismissal here. "District courts have an inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Thompson*, 782 F.2d at 831. The district court is "in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994). "This factor is usually reviewed in conjunction with the public's interest in expeditious resolution." *In re PPA*, 460 F.3d at 1227.

This factor weighs in favor of dismissal. This case has stalled for several months because of Plaintiff's unresponsiveness. *See* Ex. A, Harris Decl. ¶¶ 5–7. As a result, several deadlines loom on the immediate horizon that the parties appear unable to meet, including mandatory alternative dispute resolution (July 27, 2020); close of fact discovery (Aug. 26, 2020), expert disclosures (Sept. 9, 2020), and close of expert discovery (Oct. 30, 2020) [ECF #39, 59]. Moreover, in light of Bursor's Motion to Withdraw, it appears highly unlikely that Plaintiff will remedy this situation. Plaintiff's failure to prosecute interferes with the Court's ability to effectively manage its docket, so the case should be dismissed for failure to prosecute. *See, e.g., Mojica*, 2014 WL 4794179, at *2.

### 3. The Court Should Dismiss to Avoid Prejudice to Sergeant's.

Third, the Court should dismiss to avoid prejudice to Sergeant's. "[T]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." *In re Eisen*, 31 F.3d at 1452. That is because "[t]he law presumes injury from unreasonable delay." *Id.* However, this presumption is rebuttable, and if there is a showing that no actual prejudice is likely, a defendant can show prejudice by establishing "that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan v. Galaza*, 291 F.3d

639, 642 (9th Cir. 2002) (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)); *id.* at 1453.

This factor weighs in favor of dismissal. For months, Plaintiff has failed to diligently prosecute her case or respond to Sergeant's attempts to further proceedings. Plaintiff has (1) produced only 23 pages in discovery, (2) failed to supplement her discovery responses as ordered by the Court, (3) failed to agree to a date for her deposition, and (4) failed to agree to a date for alternative dispute resolution. Ex. A, Harris Decl. ¶¶ 5–7. These actions have "impaired [Sergeant]'s ability to proceed to trial," *Mie Yang,* 2018 WL 2134022 at *2, and "prejudiced its ability to conduct discovery and prepare [its] case," *Moore*, 2020 WL 127667 at *3. The Court should spare Sergeant's further prejudice by dismissing the case.

### 4. Disposition on the Merits Favors Dismissal.

Fourth, the public policy in favor of disposition on the merits favors dismissal here. Though public policy favors disposition of cases on their merits, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. Moreover, dismissal under Rule 41(b) constitutes an adjudication on the merits. Fed. R. Civ. P. 41(b) ("dismissal under this subdivision (b) … operates as an adjudication on the merits"). Here, Plaintiff has done essentially nothing in recent months to move this case toward disposition on the merits, and the situation is highly unlikely to improve, given her counsel's request to withdraw. To the contrary, Plaintiff has unreasonably delayed the resolution of this action. Thus the case should resolve the case on the merits by dismissing pursuant to Fed. R. Civ. P. 41(b).

### 5. Availability of Less Drastic Sanctions.

Finally, less drastic sanctions are unlikely to resolve the issues demanding dismissal. The Ninth Circuit has "never held that explicit discussion of alternatives is necessary for an order of dismissal to be upheld." *Malone*, 833 F.2d at 132. The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal … or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal quotations omitted). The Ninth Circuit has "expressly rejected the argument that an express warning

regarding the possibility of dismissal is a prerequisite to a Rule 41(b) dismissal when dismissal follows a noticed motion under Rule 41(b)." *In re Eisen*, 31 F.3d at 1455 (citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)).

Here, the four factors enumerated above favor dismissal, and less drastic sanctions—such as an order to show cause or a warning—are unlikely to be successful because Plaintiff has been unresponsive for months and her counsel seeks to withdraw for that reason. So the case should be dismissed.

**IV.    CONCLUSION**

For all of the foregoing reasons, Sergeant's respectfully requests that the Court dismiss this case for failure to prosecute.

Dated: July 8, 2020                                VARELA LEE METZ & GUARINO, LLP


                                                   By: /s/ Daniel Sakaguchi
                                                        Daniel Sakaguchi

                                                   Attorneys for Defendant SERGEANT'S PET CARE PRODUCTS, LLC